## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

RAYMOND SMITH,                           :
                                          :
     Plaintiff,                     :
                                          :
v.                                        :
                                          :     **CASE NO:**
STATE FARM FIRE AND CASUALTY              :     **7:24-cv-104–WLS**
COMPANY,                                  :
                                          :
     Defendant.                     :
                                          :

## **ORDER**

On October 4, 2024, Defendant State Farm Fire and Casualty Company ("State Farm") filed a Notice of Removal (Doc. 1), removing this case from the Superior Court of Lowndes County, Georgia, to this Court. Therein, State Farm asserts that this Court has diversity jurisdiction over this matter, pursuant to 28 U.S.C. § 1332.[1] (Doc. 1 ¶¶ 6, 11). On January 7, 2025, Plaintiff filed his First Amended Complaint (Doc. 17) seeking compensatory damages in the amount of $67,946.53, and excluding his prior claims for bad faith, attorney's fees and costs. (Doc. 17 at ¶ 20). "A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).

By Order (Doc. 19) entered January 23, 2025, the parties were ordered to submit supplemental briefs explaining their respective positions on whether the requirements of diversity jurisdiction are satisfied in light of the amended pleading. The parties' briefs (Docs. 20, 21) have been filed. Plaintiff contends, and State Farm now concedes, that this Court does not have federal diversity jurisdiction in this case. (*Id.*)

---

[1] Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

Accordingly, this case is **REMANDED** to the Superior Court of Lowndes County for lack of jurisdiction.

**SO ORDERED**, this 7th day of February 2025.

/s/  W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**